UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PENELOPE G. DUNCAN aka COATES ) | CASE NO. 1:06 CV 1612 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| TRW (WORLD WIDE), et al.. ) | AND ORDER |
| ) | |
| ) | |
| Defendants. ) | |

On July 3, 2006, plaintiff pro se Penelope G. Duncan filed this action against TRW (World Wide) and United States District Court Judge Lesley Wells. She also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## I. Background

Ms. Duncan did not file a pleading in this matter. She provided the court with a completed Case Information Sheet and attached three random documents to a sample complaint form. The first of these documents is a Response by Ms. Duncan's Counsel to Judge Well's Order to Show Cause in Duncan v. TRW, Case No. 1:01 CV 600 (N.D. Ohio filed Mar. 12, 2001). The second and third documents are letters Ms. Duncan submitted to the court in September 2002 regarding that same case, No. 1:01 CV 600. There are no allegations of any kind which pertain the within action, no discernable legal claims against either of the defendants, and no prayer for relief.

## II. Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

1278. Moreover, plaintiff's failure to identify a particular legal theory in her complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Ms. Duncan did not provide the court with a pleading that includes allegations and some reasonable indication of the legal claim or claims upon which she bases this action. This court cannot act on her behalf to create a pleading out of the documents she provides. Even liberally construed, Ms. Duncan has failed to satisfy the federal notice pleading requirements.

### III. Conclusion

Accordingly, Ms. Duncan's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
JUL 1 1 2006
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.